# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVARISTO SERRANO-VARGAS,** : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:17-0801 |
| v. : | |
| : | (Judge Mannion) |
| **CRAIG A. LOWE, Warden,** : | |
| Respondent : | |

## **MEMORANDUM**

Petitioner, Evaristo Serrano-Vargas, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Prison, Lords Valley, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition). Serrano-Vargas challenges his continued detention by ICE pending removal. Id. Specifically, he argues that his detention is "unconstitutional, unreasonable and well-beyond the limits to the statutes under which he is now detained." Id. He requests a constitutionally adequate bond hearing conducted by this court or release under supervision. Id. For the reasons set forth below, the court will **GRANT** the petition and order that an Immigration Judge conduct an individualized bond hearing within thirty (30) days.

**I.     Background**

Petitioner is a citizen and national of Mexico whose parents brought him to the United States, illegally in 2000, when he was thirteen years old. (Doc. 5-2 at 3, Oral Decision of the Immigration Judge).

On December 10, 2008, Serrano-Vargas was placed in removal proceedings, after an offense for driving while intoxicated. (Doc. 5-2 at 1, Record of Deportable/Inadmissible Alien).

On May 3, 2011, Serrano-Vargas was granted leave to voluntarily depart, but failed to do so. (Doc. 5-2, at 23, Order of Immigration Judge).

On May 25, 2011, when Petitioner failed to leave the United States as ordered, the Immigration Court converted his order to voluntarily depart to an order of removal and immigration officials effectuated his removal on May 25, 2011. (Doc. 5-2, at 28, Record of Deportable/ Inadmissible Alien).

In June, 2011, Serrano-Vargas subsequently re-entered the United States at, or near, Laredo, Texas, without being inspected, admitted, or paroled by an immigration officer. (Doc. 5-2 at 29, Notice of Intent/Decision to Reinstate Prior Order).

On February 29, 2016, ICE officers apprehended Petitioner in Cedar Rapids, Iowa and took him into custody, after an arrest for driving under the

influence of intoxicants. Id. ICE officials reinstated his removal order that same day. Id. After eight days in ICE custody, Petitioner was released into the custody of the Federal Marshal Service for prosecution of illegal re-entry. See USA v. Serrano-Vargas, Crim. No. 1:16-cr-00021-LRR-1 (N.D. Iowa 2016).

On November 4, 2016, upon release from federal custody, Serrano-Vargas was returned to ICE custody. See https://www.bop.gov/inmateloc/11224-273.

On December 13, 2016, having expressed a fear of return to Mexico, Serrano-Vargas was afforded an interview with the asylum officer. (Doc. 5-2, at 30, Notice of Referral to Immigration Judge). Petitioner was found not to have a reasonable fear and requested review of this decision by the immigration judge who also found no reasonable fear and returned his case to DHS for removal on February 15, 2017. (Doc. 5-2 at 32, Order of the Immigration Judge).

On May 8, 2017, Petitioner filed the instant petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1).

On June 22, 2017, the Board of Immigration Appeals dismissed Petitioners appeal of the Immigration Judge's decision to deny relief from removal on June 22, 2017. (Doc. 5-2 at 33, Board of Immigration Appeals

Decision).

On June 30, 2017, Petitioner filed a Petition for Review before the United States Court of Appeals for the Third Circuit. See Serrano-Vargas v. Att'y Gen., No. 17-2424 (3d Cir. 2017). By Order dated September 15, 2017, Petitioner's Motion to Stay Removal was granted. Id. His petition for review remains pending before the Third Circuit Court of Appeals. Id.

## II. Discussion

Although Serrano-Vargas' removal proceedings were final, the Third Circuit entered an order staying his removal. Because Serrano-Varga appealed to the Third Circuit, the final order was essentially "revoked" and no final order has yet been entered. See 8 U.S.C. §1231(a)(1)(B)(ii). ("The removal period begins on the latest of the following ... [i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order."); see also Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 270 (3d Cir. 2012). Thus, Serrano-Vargas is subject to pre-final order detention, and the Court must determine whether he is entitled to habeas relief in the nature of his release from the Pike County Correctional Facility pending the outcome of his immigration proceedings, or to order a bond hearing.

4

Following Serrano-Vargas' 2016 conviction, there was a clear legal basis for ICE to detain him pending the outcome of removal proceedings. See Diop v. ICE/Homeland Sec., 656 F.3d 221, 230 (3d Cir. 2011). Pursuant to 8 U.S.C. §1226(c), the Attorney General must take into custody any alien who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), (D) of this title." 8 U.S.C. §1226(c)(1)(B). Prior to a final removal order, an alien must be detained without being afforded a bond hearing. 8 U.S.C. §1226(c). However, this "mandatory detention" provision has limits. See Diop, 656 F.3d at 232. Although mandatory detention for some classes of aliens under §1226(c) is constitutional, Justice Kennedy's concurring opinion in Demore v. Kim, 538 U.S. 510, 532 (2003), helps inform the Diop Court's emphasis that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. Diop, 656 F.3d at 233. Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention

statute." Id.

Serrano-Vargas has now been detained by ICE for nearly two years. Although the statutory law does seemingly dictate mandatory custody, "[w]e do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." Hernandez v. Sabol, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). As stated supra, section 1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. See Diop, 656 F.3d at 231. Given Serrano-Vargas' nearly two year detention, the Court will direct that Serrano-Vargas be granted a bond hearing to ascertain whether the immigration court considers him a flight risk or a danger to the community if he were released pending the outcome of his immigration proceedings.

This Court's decision is entirely consistent with other case law from the Middle District of Pennsylvania, as well as with the Diop Court's caution that prolonged detention of an alien (35-month detention in Diop), absent an individualized bond hearing, can become presumptively unreasonable. See Bautista v. Sabol, 862 F. Supp. 2d 375 (M.D. Pa. 2012). Following Diop, the Middle District Court has ruled that a petitioner, detained for approximately

twenty (20) months under §1226(c), was entitled to release while his appeal of removal was pending in the immigration court and the Board of Immigration Appeals. See Gupta v. Sabol, 2011 WL 3897964, *1 (M.D. Pa. 2011). The Gupta Court stated that such decisions reflect "a growing consensus within this district and throughout the federal courts [ ] that prolonged detention of aliens under §1226(c) raises serious constitutional concerns." Id. at *2. Although this Court declines to grant the outright release of Serrano-Vargas in advance of a bond hearing, Serrano-Vargas' detention does require a bond hearing.

### III.   Conclusion

In light of the foregoing analysis, the Court will grant the instant petition for writ of habeas corpus, and order that the Petitioner shall be provided with an individualized bond hearing before an Immigration Judge within thirty (30) days of this decision. An appropriate order shall follow.

s/ <i>Malachy E. Mannion</i><br>
<b>MALACHY E. MANNION</b><br>
<b>United States District Judge</b>

**Dated: May 18, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0801-01.wpd