# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**EVARISTO SERRANO-VARGAS,** :

    **Petitioner** :

    **v.** :

**CRAIG A. LOWE, Warden,** :

    **Respondent** :

**CIVIL ACTION NO. 3:17-0801**

**(Judge Mannion)**

## MEMORANDUM

## I. Background

Petitioner, Evaristo Serrano-Vargas, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Prison, Lords Valley, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition). Serrano-Vargas challenges his continued detention by ICE pending removal. Id. Specifically, he argues that his detention is "unconstitutional, unreasonable and well-beyond the limits to the statutes under which he is now detained." Id. He requests a constitutionally adequate bond hearing conducted by this court or release under supervision. Id. By Memorandum and Order dated May 18, 2018, the Court granted the habeas petition in part and ordered that Petitioner be afforded an individualized bond hearing before an immigration judge.

(Docs. 11, 12).

Presently pending before the Court is Petitioner's motion to enforce this Court's May 18, 2018 Order directing that an immigration judge conduct an individualized bond hearing. (Doc. 23). On June 14, 2018, an immigration judge held a bond hearing and determined that Petitioner's continued detention was warranted because he is a danger to the community and a significant flight risk. Id. In his motion to enforce, Petitioner argues that he was not afforded an impartial individualized bond hearing, the immigration judge failed to hold the government to the burden of proof, and the immigration judge denied Petitioner due process. Id. Respondent argues that Petitioner is not entitled to further habeas corpus relief because the conduct of his bond hearing did not violate his due process rights. (Doc. 24). For the reasons set forth below, the Court will deny Petitioner's motion to enforce.

## II. **Discussion**

In his instant motion, Petitioner requests that this Court conduct its own bond hearing. (Doc. 23). In support, Petitioner argues that the immigration judge failed to comply with this Court's May 18, 2018 Order by not conducting an individualized bond hearing, failing to hold the government to the burden

2

of proof, and denying Petitioner due process. Id. Respondent counters that Petitioner is not entitled to further habeas relief, as he has received due process. (Doc. 24).

The Middle District of Pennsylvania has previously confronted the narrow issue presented by Petitioner's motion to enforce. In Quinteros v. Sabol, No. 4:15-cv-02098, 2016 WL 6525295 (M.D. Pa. Nov. 3, 2016), the court stated as follows:

> When a federal district court orders an immigration judge to conduct an individualized bond hearing as requested in a habeas petition, is it improper for the district court to retain jurisdiction for the purpose of conducting its own determination on the merits, prior to the petitioner exhausting his administrat[ive] remedies and the agency's decision becoming final? As a matter of both federalist principles and common-sense practicality, I consider it axiomatic that a federal court should not retain jurisdiction post-referral, but to the extent that it must, such review is necessarily limited to ensuring that the petitioner received the hearing he was owed in the first place. Accordingly, prior to satisfactory showings of exhaustion and finality, the district court should not revisit the merits of the immigration judge's determination. To do so would be premature and would otherwise disregard established constitutional bounds.

Quinteros, 2016 WL 6525295, at *1. The Court went on to provide that "an immigration judge's conducting an individualized bond determination ... necessarily moot[s] an underlying habeas petition that solely requests such a hearing be held." Id.; see Carmil v. Green, 2015 WL 7253968, at *3 (D.N.J.

3

Nov. 16, 2015) ("Petitioner has already received the sole relief available to him under Diop [v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011) ] and Chavez-Alvarez [v. Warden York Cnty. Prison, 783 F.3d 469, 475 (3d Cir. 2015) ], a bond hearing, and as such his Petition would be moot and would warrant dismissal for that reason instead.").

In Pierre v. Sabol, No. 1:11-cv-2184, 2012 WL 2921794 (M.D. Pa. July 17, 2012), the court addressed a petitioner's motion to reopen his §2241 action after it was closed upon referral to an immigration judge to conduct a bond hearing. Petitioner requested that the immigration judge reconsider his bail amount, or release him from detention. Id. at *1. The court denied petitioner's requests. Id. The court noted that the petitioner received the relief he requested, a hearing before an immigration judge, citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011), for the proposition that a "district court has authority to determine if there has been compliance with its earlier habeas order but acted properly in refusing to review the [immigration judge's] refusal to grant bond when the government complied with the habeas order by holding a hearing." Id.

The Court finds that there has been compliance with its earlier Order, in that Petitioner has an independent and adequate bond hearing before an

immigration judges. See Quinteros, 2016 WL 6525295, at *1; Leonard, 646 F.3d at 1161.

When reviewing a bond determination by an immigration judge following an order referring a case for individualized bond consideration, this Court's review is limited to three essential considerations: (1) whether the decision of the immigration judge paid full fidelity to the law of the case; (2) whether there has been no plain legal error by the immigration judge in identifying and applying the controlling legal precepts; and (3) whether the exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process. Chajchic v. Rowley, No. 1:17-cv-00457, 2017 WL 4401895, *4-5 (M.D. Pa. July 25, 2017).

As to the first consideration, the Court is satisfied that the bond hearing was in compliance with its May 18, 2018 Order, and in accordance with the law of the case. In rendering its decision, the immigration judges considered the representations of the Government and Petitioner. (Doc. 24-1). The immigration judge denied Petitioner bond because he is a danger to the community and he poses a significant flight risk. Id. The immigration judge found as follows:

> So sir, what I am going to do is, since the government bears the burden by clear and convincing evidence, to show that your

> detention is necessary, I am going to hear arguments from her, and she is going to point out things she wants me to consider...
>
> Now, Mr. Serrano-Vargas, the government lawyer has the burden in this particular case. She has the burden to tell me if she can convince me that your continued detention is reasonable. I will look at all related evidence and facts in resolving whether your continued detention is necessary to ensure your attendance at all proceedings in the future.

Id. The government argued that Serrano-Vargas is both a danger to the community and a flight risk. Id. He was granted the privilege of voluntary departure during his 2011 removal proceedings, but failed to depart. Id. After being removed to Mexico, Serrano-Vargas illegally reentered the United States. Id. Immigration officials reinstated his removal order on February 29, 2016. Id. Serrano-Vargas's criminal history includes convictions for: (a) DWI in Minnesota on December 9, 2008; (b) use of a fraudulent identification document (someone else's Social Security card) on March 11, 2011; (c) a second DUI on February 2, 2016; and (d) an August 28, 2016 conviction for illegal reentry of a removed alien following a felony conviction. Id.

Finally, the government argued that Serrano-Vargas is the subject of a final order of removal. Id. An immigration judge denied his application for withholding of removal on February 15, 2017; the BIA dismissed his appeal on June 22, 2017; his Petition for Review is currently pending before the Third Circuit; and upon completion of his removal proceedings, there is no

impediment to prevent his swift removal from the United States. Id.

The immigration judge informed Serrano-Vargas that he did not have to testify as it was the government's burden, but permitted him an opportunity to tell him why he would be a good candidate for bond. Id. SerranoVargas testified that he was unable to voluntarily depart the United States because he was detained by immigration officials and he had no one to assist him with the purchase of an airplane ticket. Id. He stated that he has been programming with respect to his problem with alcoholism and his use of someone else's social security card in an attempt to assist his brother, who was ailing with Hepatitis-A. Id. Serrano-Vargas stated that he had no excuse for his past actions, but asked the immigration judge to forgive him, and give him an opportunity to be a better person and to be with his son. Id.

The immigration judge recognized that Serrano-Vargas's written exhibits included evidence of his treatment for alcoholism as well as numerous letters from family and his girlfriend. Id.

Nonetheless, after deliberating, the immigration judge concluded that the government had met its burden of demonstrating that Serrano-Vargas is both a danger to the community and a flight risk, noting his DUI convictions, his reentry conviction and significant immigration violations. Id. The

immigration judge noted that he is the subject of a final removal order and that DHS believes they can remove him when the time comes. Id. Therefore, the immigration judge denied the bond request. Id.

Petitioner appealed the immigration judge's bond decision to the Board of Immigration Appeals (BIA). (Doc. 24-1 at 5. By decision dated September 28, 2018 the BIA dismissed Petitioner's appeal, based on the following:

> On appeal, the applicant argues that the Immigration Judge erred in finding that he is a danger to the community and a flight risk (Applicant's Br. 4-10). He asserts that he has many positive equities that outweigh adverse factors in his case and that this case should be remanded to the Immigration Judge with instructions to set a bond (Id. at 8-10). He further contends that the Immigration Judge failed to provide a hearing which comported with due process. (Id. at 10-11).
>
> For the reasons stated in the Immigration Judge's July 11, 2018 bond memorandum, we affirm the Immigration Judge's determination that the DHS established, by clear and convincing evidence, that the applicant poses a danger to the community. See Matter of Urena, 25 I&N De. 140, 141-42 (BIA 2009) (only if an alien has established that he would not pose a danger should an Immigration Judge decide the amount of bond necessary to ensure the alien's presence at proceedings to remove him from the United States). The applicant was arrested on November 16, 2018, and later convicted him of driving under the influence (H. Exh. 3 Tab A). On February 24, 2018, the applicant was arrested for Operating a Vehicle While Intoxicated – Second Offense and the charges are currently pending in state court (Id.). We agree with the Immigration Judge's determination that the DHS demonstrated, by clear and convincing evidence, that the applicant is a danger to the community. See Missouri v. McNeely, 569 U.S. 141, 160 (2013) (noting that drunk driving continues to

exact a terrible toll on our society); Matter of Siniauskas, 27 I&N Dec. 207, 209 (BIA 2018) (finding that driving under the influence is a significant adverse consideration in bond proceedings). Considering the severity and recency of the applicant's criminal history, the record fully supports the Immigration Judge's determination that the applicant did not meet his burden of establishing that he does not pose a danger. Matter of Siniauskas, 27 I&N Dec. at 210 (noting that family and community ties generally do not mitigate an alien's dangerousness).

While the applicant argues that the Immigration Judge did not provide him with a fair hearing, he has not established a due process violation or that he was prejudiced by any alleged due process violation. See Demore v. Kim, 538 U.S. 510, 519 (2003); Matter of Santos, 19 I&N Dec. 105, 107 (BIA 1984). On June 14, 2018, the Immigration Judge heard the applicant's testimony regarding his eligibility for a bond and considered documentary evidence including convictions records and letters supporting the applicant's claim of rehabilitation and ties to the community. The Immigration Judge's adverse factual findings and legal conclusions do not, without more, establish a due process violation.

Accordingly, the applicant's ongoing detention is warranted and we will dismiss the appeal.

Id.

While Petitioner "may be dissatisfied with this individualized assessment, it cannot be said that the Immigration Judge did not follow the law of the case, as prescribed by this court and conduct an individualized bond hearing." Chajchic, 2017 WL 4401895, at *4.

In considering the second factor, this Court finds no plain legal error by

the immigration judge or BIA in identifying and applying the controlling law. As noted above, the immigration judge correctly noted that the burden of proof and persuasion rested on the Government and it had to carry that burden of proof by clear and convincing evidence. The immigration judge found that the Government met its burden of proof, by clear and convincing evidence, that Petitioner was a flight risk. Because the immigration judge properly articulated the legal standard, the Court finds no legal error in this case.

Finally, in considering the third factor, the Court does not find that the immigration judge's exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process. When reviewing a discretionary denial of bond, the degree of arbitrariness necessary to state a constitutional claim is striking and the petitioner "bears the burden of showing that there is no rational basis in the record for the denial of bail." Martin v. Diguglielmo, 664 F. Supp. 2d 612, 621 (W.D. Pa. 2008) (quoting Finetti v. Harris, 609 F.2d 594, 601 (2d Cir. 1979) ). Indeed, "federal courts do not sit as appellate courts to review the use or abuse of discretion of [other] courts in the granting or denying of bail," but rather, the "burden is on [the] petitioner to show that the record is devoid of a rational basis for the denial." Gorton v. Marsteller, 545 F. Supp. 994, 997-98 (D. Kan. 1982) (internal citations

omitted); Colavita v. Pennsylvania, 2009 WL 616649, at *4 (E.D. Pa. Mar. 6, 2009) ("To sustain a federal claim, a petitioner must demonstrate the denial of bail was arbitrary or without any rational basis."). The Court finds that the immigration judge's discretionary decision to deny bond to Petitioner was rational. Accordingly, because the conclusions of both the immigration judge and BIA were rational and not arbitrary or without rational basis, the Court will deny Petitioner's motion to enforce.

### III. Conclusion

In light of the foregoing analysis, the Court will deny Petitioner's motion to enforce this Court's Order of May 18, 2018.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 10, 2019**
17-0801-03